UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN HATCHETT,

       Petitioner,

v.                                   Civil Action No. 2:10-cv-10817
                                   Honorable Nancy G. Edmunds

JEFFREY WOODS,

       Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY BUT GRANTING PERMISSION FOR AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

## I. INTRODUCTION

Pending before the Court is Petitioner Darrin Hatchett's Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. See ECF No. 1. Hatchett is a state prisoner incarcerated by the Michigan Department of Corrections, currently housed at the Lakeland Correctional Facility in Coldwater, Michigan, where he is serving a life sentence, with the possibility of parole, for a second-degree murder conviction. His conviction occurred on September 29, 1987, following a bench trial in what was then Recorder's Court in Detroit, Michigan. He was sentenced on October 9, 1987. Hatchett also was convicted of felony firearm for which he served a two-year prison term. He was fifteen years old at the time of the murder.

In his Habeas Petition, filed *pro se*, Hatchett raises one claim concerning the effectiveness of his appellate counsel and three claims concerning the waiver of jurisdiction in the probate court. The Court finds that Hatchett's first claim lacks merit and his

remaining three claims are state-law claims that are noncognizable in this habeas proceeding. Thus, the Court will deny his Petition. The Court also will decline to issue him a Certificate of Appealability but will grant him permission for an Application for Leave to Proceed on Appeal *In Forma Pauperis*, should he decide to appeal the Court's decision.

## II.  BACKGROUND

The Court adopts the following summary of the relevant facts set forth in its prior Opinion and Order granting Hatchett habeas relief on October 7, 2005. *Hatchett v. Kapture*, No. 00-CV-74340-DT, 2005 WL 2491454 (E.D. Mich. Oct. 7, 2005).

Petitioner was charged at the age of fifteen with first-degree murder and possession of a firearm during the commission of a felony (felony firearm). The charges arose from allegations that Petitioner shot and killed another fifteen-year-old boy, Rodney McRae, on December 29, 1986, in Detroit, Michigan.

In 1987, the juvenile division of the Wayne County Probate Court held an evidentiary hearing to determine whether the court should waive jurisdiction so that Petitioner could be tried as an adult in Recorder's Court for the City of Detroit. At the conclusion of the hearing, the probate court waived jurisdiction and transferred Petitioner's case to Detroit Recorder's Court for trial as an adult.

Petitioner's family retained attorney Charles Campbell to represent Petitioner after the waiver hearing. Campbell was expected to appeal the probate court's decision and to represent Petitioner on the criminal charges in Recorder's Court.

At the preliminary examination in state district court, Campbell initially moved to adjourn the hearing, in part, because the probate court had waived jurisdiction. Campbell said, "We have to study all of that and consider our options there and here . . . ." The prosecutor, however, objected to an adjournment, and Campbell agreed to proceed with the preliminary examination.

Campbell never appealed the probate court's decision to waive jurisdiction, and Petitioner was bound over to Recorder's Court where he was represented by another attorney, Rene Cooper. Following a bench trial on September 29, 1987, the trial court found Petitioner guilty of second-degree

2

> murder, [], and felony firearm, [].  The trial court sentenced Petitioner to two
> years in prison for the felony[-]firearm conviction and to life imprisonment,
> with the possibility of parole, for the murder conviction.

*Hatchett*, 2005 WL 2491454, at *1 (footnote and citations omitted).

Following his convictions and sentences, Hatchett filed a direct appeal with the

Michigan Court of Appeals, raising claims concerning the sufficiency of the evidence and

his sentence for second-degree murder.  On March 10, 1989, the Court of Appeals affirmed

his convictions and sentences.  *People v. Hatchett*, No. 104510 (Mich. Ct. App. Mar. 10,

1989).  The Michigan Supreme Court denied his Application for Leave to Appeal on

November 29, 1989.  *People v. Hatchett*, No. 85743 (Mich. Sup. Ct. Nov. 29, 1989).

In 1997, Hatchett filed a Motion for Relief from Judgment with the state trial court,

raising claims concerning the effectiveness of his trial counsel.  The trial court denied the

Motion on November 20, 1997.  *People v. Hatchett*, No. 87-2645 (Wayne Cnty. 3rd Judicial

Cir. Ct. Nov. 20, 1997).  Both state appellate courts denied his Applications for Leave to

Appeal.  *People v. Hatchett*, No. 209790 (Mich. Ct. App. Mar. 1, 1999); *People v. Hatchett*,

461 Mich. 877, 602 N.W.2d 580 (1999) (Table).

Then, on September 29, 2000, Hatchett filed a Petition for a Writ of Habeas Corpus

in this district court.  The case was assigned to the undersigned.  In that Habeas Petition,

he raised two grounds for relief: whether he was entitled to a new trial because he received

ineffective assistance of counsel from three different attorneys; whether his due process

rights were violated when the trial judge failed to strike the inaccurate information from the

presentence report; and whether there was error in waiving jurisdiction from the juvenile

division.  Respondent filed a Motion for Summary Judgment on the ground that the statute

of limitations barred habeas review but the Court denied the Motion.  Respondent then filed

3

an Answer to the Petition, arguing that Hatchett had procedurally defaulted his claims.  The Court rejected that argument, dismissed claims two and three, but addressed Hatchett's claims with respect to the effectiveness of counsel involving attorneys Charles Campbell and Roman Karwowski.  The Court held oral arguments on those claims and subsequently denied Hatchett habeas relief.  *Hatchett v. Kapture*, No. 00-CV-74340-DT (E.D. Mich. Mar. 6, 2003).

Hatchett then appealed the Court's decision to the Untied States Court of Appeals for the Sixth Circuit, which reversed the Court's decision denying habeas relief.  *Hatchett v. Kapture*, 109 F. App'x 34 (6th Cir. 2004).  Respondent filed a Petition for a Writ of Certiorari with the United States Supreme Court, which was denied.  *Metrish v. Hatchett*, 544 U.S. 1032 (2005).

On remand from the Sixth Circuit, this Court concluded that Hatchett was entitled to habeas relief:

> Charles Campbell's failure to appeal the probate court's decision amounted to deficient performance, and the deficient performance prejudiced Petitioner.  Roman Karwowski was ineffective for not asserting on appeal that Campbell had been ineffective.
>
> The state courts' denial of relief resulted in decisions that were contrary to federal law.  The State is ordered to release Petitioner unless, within ninety days, it provides Petitioner with an appeal of right from the probate court's decision waiving jurisdiction.

*Hatchett*, 2005 WL 2491454, at *5.

The State complied with the Court's order on remand and provided Hatchett with an appeal of right from the probate court's decision waiving jurisdiction.

In August 2006, Hatchett filed an appeal with the Wayne County Circuit Court alleging that the probate court's decision waiving jurisdiction was in error and contrary to

4

MCR 5.911. The trial court affirmed the juvenile waiver. *People v. Hatchett*, No. 87-002645-01 (Wayne Cnty. 3rd Judicial Cir. Ct. Dec. 11, 2006).

Hatchett then filed a Delayed Application for Leave to Appeal that decision with the Michigan Court of Appeals, raising six claims concerning jurisdiction. The Court of Appeals denied his Delayed Application "for lack of merit in the grounds presented." *People v. Hatchett*, No. 282205 (Mich. Ct. App. July 3, 2008). The Michigan Supreme Court also denied his Application for Leave to Appeal, "because [it was] not persuaded that the questions presented should be reviewed by [the] Court." *People v. Hatchett*, 483 Mich. 893, 760 N.W.2d 487 (2009) (Table).

### III. DISCUSSION

#### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern Hatchett's case, "circumscribe[d]" the standard of review federal courts must apply when considering a petition for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state-court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); *Parker v. Matthews*, --- U.S. ---, ---, 132 S.Ct. 2148, 2151 (2012). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must

5

have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state-court, factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state[-]court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas relief under the "unreasonable application" clause of section 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. The Supreme Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law; "a federal habeas court may grant the writ if the state court identifies the correct governing legal

6

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has continued to emphasize the limited nature of this Court's review of habeas-corpus petitions.  In its unanimous decision in *Harrington v. Richter*, 562 U.S. ---, 131 S.Ct. 770 (2011), the Supreme Court reiterated that the AEDPA requires federal courts to review state-court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes federal[-]habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.*, 562 U.S. at ---, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012).  The *Peak* Court suggested that *Harrington* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Ibid.*

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a "substantially higher threshold for obtaining relief than *de novo* review." *Renico v. Lett*, 559 U.S. ---, ---, 130 S.Ct. 1855, 1862 (2010) (the "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, [], and demands that state-court decisions be given the benefit of the doubt.") (internal quotation marks and citations omitted).  The Supreme Court also has held that habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. ---, --- ,131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Hatchett's claims.

## B. Ineffective-Assistance-of-Appellate-Counsel Claim

7

In his first habeas claim, Hatchett alleges that his most recent appellate attorney, Robert Giles, was ineffective for failing to investigate the facts surrounding the waiver of jurisdiction in the probate court and for failing to raise the issues on appeal. Hatchett raised this claim in his 2007 Delayed Application to the Michigan Court of Appeals, but the Court of Appeals rejected the Delayed Application "for lack of merit in the grounds presented." *Hatchett*, No. 282205.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In order to establish ineffective assistance of appellate counsel, a petitioner must satisfy the *Strickland v. Washington* standard. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. That requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* Second, the petitioner must establish that the deficient performance prejudiced the defense. *Id.*

However, it is well-established that a criminal defendant does not have a constitutional right to have his or her appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). In *Jones*, the Supreme Court stated that, "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the [] goal of vigorous and effective advocacy." *Id.* at 754.

Strategic and tactical choices regarding which issues to pursue on appeal are

8

"properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59-60 (6th Cir. 1990) (citing *Jones*, 463 U.S. at 751). "[T]he hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of appellate counsel be overcome.'" *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (citation omitted). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (citation omitted). Nevertheless, appellate counsel cannot be found to be ineffective for failing to raise an issue that lacks merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001); *see also Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (same).

When this Court granted Hatchett habeas relief in 2005, it found two *Strickland* violations. First, the Court found that attorney Charles Campbell was ineffective for failing to appeal the probate court's decision to the circuit court. Second, the Court also found that appellate attorney Roman Karwowski was ineffective for failing to allege on appeal that Campbell was ineffective. As relief, the Court ordered that the State afford Hatchett his appeal of right from the probate court's decision waiving jurisdiction; an appeal that he was not able to pursue because of Campbell's deficient and prejudicial performance.

The State complied with the Court's order and Robert Giles was appointed as appellate counsel for Hatchett. Giles filed an appeal on Hatchett's behalf with the Wayne

9

County Circuit Court, raising a claim with respect to the Order of the juvenile court granting waiver of jurisdiction to the Circuit Court.

The Court finds that it was a tactical decision on the part of attorney Giles to raise the argument that he did; he made a reasonable choice to present the claim that he believed had the best chance of succeeding.  The claims that Hatchett maintains that attorney Giles should have presented have no merit.  *See* section C, *infra.*  Additionally, the Court resolved Hatchett's claims with respect to his ineffective-assistance-of-trial-counsel claims in his prior habeas action and those claims are no longer at issue.

Thus, the Court concludes that Hatchett's ineffective-assistance-of-appellate-counsel claim must fail.  Pursuant to the *Strickland* standard, Giles's performance was neither unreasonable under the circumstances nor prejudicial in an outcome determinative manner. Habeas relief is not warranted with respect to this claim.

### C.  Waiver-of-Jurisdiction Claims

In his second, third, and fourth habeas claims, Hatchett alleges that the Wayne County Circuit Court's decision, affirming the probate court's decision to waive jurisdiction and transfer the case to the now-defunct Recorder's Court in Detroit, Michigan, was in error.  The Court finds that these claims are noncognizable on habeas review because they are state-law claims.

Section 2254(a) provides that the federal courts are authorized to entertain petitions for writs of habeas corpus by a state prisoner only on the ground that the prisoner is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. §2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (a federal habeas court is limited to

deciding whether a conviction violated federal law); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law."); *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, at *2 (6th Cir. 2001) (determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary) (citations omitted).

Hatchett's argument, with respect to these claims, relies on various Michigan statutes, court rules, and case law.  His argument fails because he cannot obtain any habeas relief under section 2254 based on claims of violations of Michigan law.  Rather, Hatchett's claims for habeas relief under section 2254 must be predicated solely upon federal law, not Michigan law.  Thus, the Court concludes that Hatchett has failed to state a claim upon which federal-habeas relief may be granted.

### D.  Certificate of Appealability

The Court declines to issue a Certificate of Appealability (COA) to Hatchett.  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . .  jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.  When a federal district court

denies a habeas claim on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

The Court concludes that jurists of reason would not find its rulings debatable or wrong. The Court thus declines to issue Hatchett a COA. However, should he wish to appeal this Court's rulings, he may proceed *in forma pauperis* on appeal because he was granted *in forma pauperis* status in this Court. Fed. R. App. P. 24(a)(3).

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Hatchett is not entitled to federal-habeas relief on the claims presented in his Habeas Petition.

Accordingly, IT IS ORDERED that the "Petition for Writ of Habeas Corpus" is DENIED WITH PREJUDICE. Pet'r's Pet. For Writ of Habeas Corpus, ECF No. 1.

IT IS FURTHER ORDERED that the Court declines to issue Hatchett a Certificate of Appealability and but grants him permission for an Application for Leave to Proceed on Appeal *In Forma Pauperis*, if he so chooses to appeal the Court's decision.

s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

12

Dated:  November 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager